Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILFREDO PARRISH, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CENTRAL CREDIT SERVICES LLC and JOHN DOES 1-25, | |
| Defendant(s). | |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.     The mailing addresses of the parties to this action are:

WILFREDO PARRISH
41 Hamilton Street
Allentown, New Jersey 08501

CENTRAL CREDIT SERVICES LLC
9550 Regency Square Boulevard
Suite 500A
Jacksonville, Florida 32225

## PRELIMINARY STATEMENT

2.     Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and

through his attorneys, alleges that Defendants, CENTRAL CREDIT SERVICES LLC

("CENTRAL CREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      CENTRAL CREDIT maintains a location at 9550 Regency Square Boulevard, Suite 500A, Jacksonville, Florida 32225.

8.      CENTRAL CREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      CENTRAL CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from CENTRAL CREDIT concerning a debt owned by ALLY FINANCIAL, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b.  Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

   i.    Whether the Defendants violated various provisions of the FDCPA as set forth herein:

   ii.   Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv.   Whether Plaintiff and the Class are entitled to declaratory relief.

c.  Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.  Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     At some time prior to May 7, 2018, Plaintiff allegedly incurred a financial obligation to ALLY FINANCIAL ("ALLY").

19.     Plaintiff allegedly incurred the ALLY obligation in connection with the purchase and/or lease of a motor vehicle.

20.     The ALLY obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21.     Plaintiff incurred the ALLY obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22.     The ALLY obligation did not arise out of a transaction that was for non-personal use.

23.     The ALLY obligation did not arise out of a transaction that was for business use.

24.     The ALLY obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     ALLY is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.     On or before May 7, 2018, ALLY referred the ALLY obligation to CENTRAL CREDIT for the purpose of collections.

27.     At the time the ALLY obligation was referred to CENTRAL CREDIT the ALLY obligation was past due.

28.     At the time the ALLY obligation was referred to CENTRAL CREDIT the ALLY obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29.     Prior to the ALLY obligation being referred to CENTRAL CREDIT for the purpose of collections, the motor vehicle that was the subject of the ALLY obligation was subjected to repossession procedures in accordance with the Uniform Commercial Code.

30.     Prior to the ALLY obligation being referred to CENTRAL CREDIT for the purpose of collections, a credit was applied to the obligation due to the sale of the motor vehicle that was the subject of the ALLY obligation in accordance with the Uniform Commercial Code.

31.     Defendants caused to be delivered to Plaintiff a letter dated May 7, 2018, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

32.     The May 7, 2018 letter was sent to Plaintiff in connection with the collection of the

ALLY obligation.

33.     The May 7, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34.     The May 7, 2018 letter is the initial written communication sent from Defendant to

the Plaintiff.

35.     Upon receipt, Plaintiff read the May 7, 2018 letter.

36.     The May 7, 2018 letter provides the following information regarding the balance

claimed due on the ALLY obligation:

Balance:                          $11,733.14

37.     The May 7, 2018 letter did not itemize or breakdown the amount of the debt by

principal, interest, fees, other charges and/or credits.

38.     The outstanding balance claimed to be due by Defendants on the ALLY obligation

as of May 7, 2018 included an amount for interest, fees, other charges and/or credits.

39.     The May 7, 2018 letter did not inform Plaintiff that the amount of the debt included

an amount for interest.

40.     The May 7, 2018 letter did not inform Plaintiff that the amount of the debt included

an amount for costs and/or fees, including but not limited to excess mileage charges and "wear and

tear" charges.

41.     The May 7, 2018 letter did not inform Plaintiff that the amount of the debt included

amounts incurred in connection with repossession procedures in accordance with the Uniform

Commercial Code.

42.     The May 7, 2018 letter did not inform Plaintiff that the amount of the debt included a credit being applied to the obligation due to the sale of the motor vehicle that was the subject of the ALLY obligation in accordance with the Uniform Commercial Code.

43.     "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

44.     CENTRAL CREDIT knew or should have known that its actions violated the FDCPA.

45.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

46.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b)    Making a false representation of the character, amount or legal status of the debt;

    (c)    Using a false representation or deceptive means in connection with the collection of a debt; and

    (d)    Failing to effectively convey the amount of the debt.

47.     Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

48.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50.     Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

51.     Defendant's letter would cause the least sophisticated consumer to be confused concerning the basis for the amount of the debt.

52.     Defendant's letter would cause the least sophisticated consumer to believe that the amount of debt only consisted of principal.

53.     Defendants' attempt to collect the alleged debt without first effectively conveying the amount of the debt violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10); and § 1692g(a)(1).

54.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

55. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the ALLY obligation included an amount for interest, fees, other charges and/or credits.

57. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

58. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

59. By failing to disclose that the amount allegedly due on the ALLY obligation included an amount for interest, fees, other charges and/or credits, Defendants made a false representation of the character, amount or legal status of a debt.

60. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

61. Defendants failure to disclose that the amount allegedly due on the ALLY obligation included an amount for interest, fees, other charges and/or credits violated 15 U.S.C. § 1692e(10).

62. 15 U.S.C. § 1692g(a)(1) of the FDCPA requires that the debt collector effectively convey the amount of the debt.

63. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to itemize the components that comprised the amount of the debt.

64. Defendants violated 15 U.S.C. § 1692g(a)(1) by presenting the amount of the debt as a single lump sum.

65.     Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to provide a itemization of the obligation by principal, interest, fees, other charges and/or credits.

66.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

67.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

68.     Plaintiff and others similarly situated have a right to receive proper notices as mandated by the FDCPA.

69.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

70.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

71.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 29, 2018                              Respectfully submitted,

By:     *s/ Ben A. Kaplan*
        Ben A. Kaplan, Esq. (NJ 0337712008)
        CHULSKY KAPLAN, LLC
        280 Prospect Avenue, 6G
        Hackensack, New Jersey 07601
        Phone (877) 827-3395 ex 102
        Cell Phone: (201) 803-6611
        Fax: (877) 827-3394; (866) 596-4973
        ben@chulskykaplanlaw.com
        Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: November 29, 2018

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

# EXHIBIT A

0. Box 1259, Dept. #119195
KS, PA 19456

Return Mail Only - No Correspondence or Payments

**Central Credit Services LLC**
9550 Regency Square Blvd Suite 500A
Jacksonville, FL 32225
(888) 682-2298

OFFICE HOURS (EST)
8AM-9PM MONDAY - THURSDAY
8AM-5PM FRIDAY

WILFREDO PARRISH
41 HAMILTON ST
ALLENTOWN NJ 08501-1640

Central Credit #: 10283503
May 07, 2018

Creditor:   ALLY FINANCIAL
            952594736
            $11,733.14

...n has been sent to us for collection. If you are unable to remit the balance of your account, we kindly ask that
...act our office so we can assist you in the repayment of your account. The preceding information does not
...ur rights set forth below.

...ou notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any
...ereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving
...e that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or
...copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing
...days after receiving this notice, this office will provide you with the name and address of the original creditor,
...t from the current creditor.

...redit Services

...nunication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be
...at purpose. Calls to or from this company may be monitored or recorded for quality assurance.

JS 44  (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PARRISH WILFREDO on behalf of himself and all others similarly situated

## DEFENDANTS

CENTRAL CREDIT SERVICES LLC AND JOHN DOES 1-25

**(b)** County of Residence of First Listed Plaintiff   MONMOUTH COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ❑ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❑ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & | ❑ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' Liability | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | ❑ 840 Trademark | ❑ 460 Deportation |
| | ❑ 345 Marine Product Liability | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | | ❑ 790 Other Labor Litigation | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 791 Employee Retirement Income Security Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 895 Freedom of Information Act |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation - Transfer
- ❑ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692

Brief description of cause:
FDCPA violation

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE

DOCKET NUMBER

DATE
11/29/2018

SIGNATURE OF ATTORNEY OF RECORD
s/ Ben Kaplan

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE